**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Craig Habben, | ) | No. CV 05-276-PHX-JAT |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Maricopa County Board of Supervisors, et al., | ) | |
| Defendants. | ) | |

Pending before the Court is the Defendants' Motion to Dismiss. (Doc. 16). The Court now rules on the motion.

I.   Background

Plaintiff, Craig Habben, is incarcerated in Maricopa County, Arizona, and files this action *pro se* pursuant to 42 U.S.C. § 1983. The Plaintiff's Complaint alleges overcrowding, inadequate diet, and unsanitary conditions at "towers jail." The Defendants move to dismiss the Plaintiff's Complaint on the basis that the Plaintiff failed to exhaust his administrative remedies prior to filing this action.

In support of their Motion to Dismiss, the Defendants have provided the Court with: (1) copies of the inmate grievance procedures and rules and regulations for inmates that were provided to the Plaintiff; (2) copies of any grievance forms submitted to the Defendants by the Plaintiff; (3) affidavits from relevant individuals avowing that although the Plaintiff did file a grievance with respect to an unrelated issue (regarding the dosage of his medication)

1 the Plaintiff did not file any grievances regarding overcrowding, unsanitary conditions,
2 inadequate diet, or any other matter alleged in this action.

3 In his response to the Defendants' Motion to Dismiss, the Plaintiff alleges only that
4 "upon information and belief" he either properly exhausted his administrative remedies, or
5 was "prohibited from doing so." The Plaintiff provides no explanation as to how he was
6 "prohibited from doing so," nor does he provide any evidence to support this allegation.

7 II.     Legal Standard and Analysis

8 A motion to dismiss for a failure to exhaust non-judicial remedies is a
9 "non-enumerated" Rule 12(b) motion. *Ritza v. Int'l Longshoremen's and Warehousemen's*
10 *Union*, 837 F.2d 365, 369 (9th Cir.1988) (per curiam). In deciding a motion to dismiss for
11 a failure to exhaust non-judicial remedies, the court may look beyond the pleadings and
12 decide disputed issues of fact. *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).
13 If the court concludes that a prisoner failed to fully exhaust the non-judicial remedies, the
14 proper remedy is dismissal without prejudice. *Id.* at 1120.

15 The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought
16 with respect to prison conditions under section 1983 of this title, or any other federal law, by
17 a prisoner confined in any jail, prison, or other correctional facility until such administrative
18 remedies as available are exhausted." 42 U.S.C. § 1997(e)(a). The exhaustion requirement
19 creates an affirmative defense, meaning the defendants have the burden of raising and
20 proving non-exhaustion of the claims. *Wyatt*, 315 F.3d at 1113. The exhaustion requirement
21 applies to all inmate suits concerning prison life. *Porter v. Nussle*, 534 U.S. 516, 532 122
22 S.Ct. 983, 992 (2002). The inmate must complete the administrative procedure, regardless
23 of the relief available. *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001).

24 The Plaintiff claims, alternatively, that he: (1) did properly exhaust his administrative
25 remedies; or (2) was "prohibited from doing so." The Plaintiff, however, neglects to provide
26 the Court with any evidentiary or factual support for his contentions. He does not provide
27 the name of a specific individual who refused to give him a grievance form, told him that
28 the allegations alleged his Complaint were not grievable, or in any other way "prohibited

him" from filing a grievance. Similarly, the Plaintiff has not provided the Court with any dates and times that he requested grievance forms and was denied. In fact, the Plaintiff has failed to provide anything to contract the Defendants' evidence that the Plaintiff failed to file a grievance with respect to the issues alleged in this action.

This Court informed the Plaintiff in its June 14, 2005, Order that when considering the Defendants' Motion to Dismiss the Court is not limited to the allegations in the Plaintiff's Complaint and would consider declarations or other admissible documentary evidence. The Court admonished the Plaintiff that "if Defendants produce admissible evidence demonstrating that you failed to exhaust your administrative remedies, your complaint will be dismissed without prejudice unless you provide copies of your grievances and grievances appeals or other admissible evidence sufficient to show that you did exhaust all available administrative remedies."

The Plaintiff failed to provide any evidence that administrative remedies were in fact exhausted, or were not available to him. The Plaintiff's mere allegation in his Response that "upon information and belief the Plaintiff has properly exhausted his administrative remedies or has been prohibited from doing so," is insufficient to withstand dismissal.

III.   Conclusion

Based on the above ruling, the Court need not reach the remaining grounds for dismissal asserted in the Defendants' Motion to Dismiss.

Accordingly,

IT IS ORDERED GRANTING the Defendants' Motion to Dismiss (doc. 16) and dismissing this action.

DATED this 29th day of November, 2005.

James A. Teilborg
United States District Judge